1   KEVIN D. RISING (SBN 211663)
    Kevin.Rising@btlaw.com
2   DEVIN STONE (SBN 260326)
    Devin.Stone@btlaw.com
3   **BARNES & THORNBURG LLP**
    2029 Century Park East, Suite 300
4   Los Angeles, California 90067-3012
    Telephone:  310-284-3880
5   Facsimile:   310-284-3894

6   Attorneys for Defendant
7   PEG PEREGO U.S.A., INC.

8

9                  UNITED STATES DISTRICT COURT

10              SOUTHERN DISTRICT OF CALIFORNIA

11

12  ERIC HOFFMAN, an individual and        Case No.:  **'14CV2227 CAB JLB**
    on behalf of all others similarly
13  situated,
                                            **DECLARATION OF DEVIN
14                  Plaintiff,               STONE IN SUPPORT OF PEG
                                            PEREGO, U.S.A., INC.'S NOTICE
15      v.                                  OF REMOVAL OF ACTION TO
                                            FEDERAL COURT**
16  PEG PEREGO U.S.A., INC, an
    Indiana corporation; and DOES 1 thru
17  100 inclusive,
                                            Complaint Filed:   August 11, 2014
18                  Defendants.

19

20

21

22

23

24

25

26

27

28

    DECLARATION OF DEVIN STONE IN SUPPORT OF PEG PEREGO, U.S.A., INC.'S NOTICE OF
                        REMOVAL OF ACTION TO FEDERAL COURT

1

## DECLARATION OF DEVIN J. STONE

2

3

I, Devin J. Stone, declare:

4       1.    I am an attorney at law licensed to practice before all courts of the State of

5   California and this Court.  I am an associate in the law firm of Barnes & Thornburg,

6   LLP, counsel of record for defendant Peg Perego U.S.A., Inc.  I have personal

7   knowledge of the matters stated herein.  If called and sworn as a witness, I could and

8   would competently testify to the following:

9       2.    A true and correct copy of Plaintiff's Complaint and all conformed

10  pleadings received to date from the San Diego County Superior Court are attached

11  hereto as Exhibit "A."

12      I declare under penalty of perjury under the laws of the State of California that the

13  foregoing is true and correct.

14      Executed this __18__ day of September, 2014.

15

16

17                                      DEVIN STONE

18

19

20

21

22

23

24

25

26

27

28

1

# EXHIBIT "A"

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>John H. Donboli (SBN: 205218)<br>JL Sean Slattery (SBN: 210965)<br>DEL MAR LAW GROUP, LLP<br>12250 El Camino Real, Suite 120, San Diego, CA 92130<br>TELEPHONE NO: (858) 793-6244   FAX NO. (858) 793-6005<br>ATTORNEY FOR *(Name)*: Plaintiff: Eric Hofmann | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**08/11/2014** at 03:52:43 PM<br><br>Clerk of the Superior Court<br>By Justin Jones, Deputy Clerk |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division

CASE NAME:
HOFMANN v. PEG PEREGO, U.S.A., INC.

| CIVIL CASE COVER SHEET<br>☑ Unlimited ☐ Limited<br>(Amount (Amount<br>demanded demanded is<br>exceeds $25,000) $25,000 or less) | Complex Case Designation<br>☐ Counter ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>37-2014-00026807-CU-NP-CTL<br><br>JUDGE:<br><br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☑ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify)*: Three
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 11, 2014

John H. Donboli
_____
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

SUM-100

## SUMMONS
### *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PEG PEREGO U.S.A., INC., an Indiana corporation; and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ERIC HOFMANN, an individual and on behalf of all others similarly situated,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**08/11/2014** at 03:52:43 PM

Clerk of the Superior Court
By Justin Jones, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

San Diego Superior Court - Central Division

330 W. Broadway, San Diego, CA 92101

CASE NUMBER:
*(Número del Caso)*
37-2014-00026807-CU-NP-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
John H. Donboli - 12250 El Camino Real, Ste. 120, San Diego, CA 92130; (858) 793-6244

| DATE: 08/11/2014 | Clerk, by | J. Jones | , Deputy |
|---|---|---|---|
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**08/11/2014** at 03:52:43 PM
Clerk of the Superior Court
By Justin Jones, Deputy Clerk

1  JOHN H. DONBOLI (SBN: 205218)
   JL SEAN SLATTERY (SBN: 210965)
2  DEL MAR LAW GROUP, LLP
   12250 El Camino Real, Suite 120
3  San Diego, CA 92130
   Telephone: (858) 793-6244
4  Facsimile:   (858) 793-6005

5  Attorneys for Plaintiff: ERIC HOFMANN,
   an individual and on behalf of all others similarly situated
6

7

8              SUPERIOR COURT OF CALIFORNIA - COUNTY OF SAN DIEGO

9

10  ERIC HOFMANN, an individual and on behalf )      CASE NO. 37-2014-00026807-CU-NP-CTL
    of all others similarly situated,          )
11                                             )      **CLASS ACTION**
                       Plaintiff,              )
12                                             )      **COMPLAINT FOR:**
                       vs.                     )
13                                             )
    PEG PEREGO U.S.A., INC., an Indiana        )  (1)  VIOLATION OF BUSINESS &
14  corporation; and DOES 1 through 100,       )       PROFESSIONS CODE SECTIONS
    inclusive,                                 )       17200 *ET SEQ.* (CALIFORNIA
15                                             )       UNFAIR COMPETITION LAW);
                       Defendants.             )
16                                             )  (2)  VIOLATION OF BUSINESS &
                                               )       PROFESSIONS CODE SECTION
17                                             )       17533.7 (FALSE "Made in U.S.A."
                                               )       CLAIM); and
18                                             )
                                               )  (3)  VIOLATION OF CONSUMERS
19                                             )       LEGAL REMEDIES ACT (CIVIL
                                               )       CODE SECTION 1750 *ET SEQ.*)
20                                             )
                                               )
21                                             )
                                               )
22                                             )

23

24

25

26

27

28

                                      -1-

1      COMES NOW, plaintiff ERIC HOFMANN ("Plaintiff"), as an individual and on behalf

2 of the general public and all others similarly situated, by his undersigned attorneys, alleges as

3 follows:

4                                      **NATURE OF THE CASE**

5      1.      This is a class action case brought on behalf of all purchasers of children's riding

6 vehicles (hereinafter referred to as "Vehicles") manufactured, distributed, marketed, and/or sold

7 by PEG PEREGO U.S.A., INC. (hereinafter as "PEG PEREGO") in California that were labeled

8 as "Made in USA" or "Made in U.S.A." The Vehicles are sold through various retailers in

9 California.

10      2.      As stated by the California Supreme Court in *Kwikset v. Superior Court* (January

11 27, 2011) 51 Cal.4th 310, 328-29:

12

13          **Simply stated: labels matter.** The marketing industry is based on
         the premise that labels matter, that consumers will choose one

14          product over another similar product based on its label and various
         tangible and intangible qualities they may come to associate with a

15          particular source....In particular, **to some consumers**, the "Made in
         U.S.A." label matters. A range of motivations may fuel this

16          preference, from the desire to support domestic jobs, to beliefs
         about quality, to concerns about overseas environmental or labor

17          conditions, to simple patriotism. The Legislature has recognized
         the materiality of this representation by specifically outlawing

18          deceptive and fraudulent "Made in America" representations. (§
         17533.7; see also Civ.Code, § 1770, subd. (a)(4) [prohibiting

19          deceptive representations of geographic origin].) The object of
         section 17533.7 "is to protect consumers from being misled when

20          they purchase products in the belief that they are advancing the

21          interests of the United States and its industries and workers...

22

23      3.      Through an unlawful, deceptive and unfair course of conduct, PEG PEREGO, and

24 DOES 1 through 100 (collectively "Defendants"), manufactured, marketed, and/or sold a variety

25 of Vehicles to the California general public with the false designation and representation that

26 Defendants' Vehicles were "Made in USA" or "Made in U.S.A." during the relevant four year

27 statutory time period. The "Made in USA" claim was clearly printed on the product packaging.

28

Contrary to the "Made in USA" claim, however, the offending Vehicles were manufactured or produced from component parts that were manufactured outside of the United States in violation of California law. In fact, and on information and belief, major subcomponents of the "Made in USA" labeled John Deere Farm Power Brand 12 Volt Riding Vehicle[1] (manufactured by PEG PEREGO) that Plaintiff purchased are foreign made, including but not limited to the battery, wiring harnesses, electric battery charger, electric motors, decals (including two "Made in the USA" decals for prominent display on the toy itself), wiring connectors, fuses, thermo protector, switches, gearing, screws, rivets, bolts, lock washers, and/or washers. Any one of these foreign-made component parts, standing alone, makes the Vehicle improperly labeled pursuant to California law.

## PARTIES

4.    Plaintiff is an individual residing in San Diego, California.

5.    Defendant PEG PEREGO U.S.A., INC. is a corporation that is organized and exists under the laws of the State of Indiana. PEG PEREGO can be served via its principle business address at 3625 Independence Drive, Fort Wayne, IN 46808.

6.    Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1-100, inclusive; therefore, Plaintiff sues these defendants by such fictitious names. Plaintiff is informed and believes that each of the fictitious named defendants are legally responsible in some manner for the occurrences herein alleged, assisted in and about the wrongs complained herein by providing financial support, advice, resources or other assistance. Plaintiff will amend the complaint to allege their true names and capacities when ascertained.

7.    Plaintiff is informed and believes that all defendants were agents, servants and

---

[1]    Plaintiff intends to seek class certification as to *all* models of PEG PEREGO Vehicles sold in California that were labeled "Made in USA" (that included foreign-made component parts) and not just the single model purchased by Plaintiff. As such, the PEG PEREGO Class Vehicles include, but are not limited to the John Deere Farm Power Brand 12 Volt Riding Vehicle, the Polaris Ranger, the IH Magnum Tracktor, the Polaris Outlaw, the John Deere Mini, the John Deere Ground Force, the Polaris Sportsman, the Polaris Ranger RZR, the Polaris RZR, the Power Scoop, the John Deere Gator, and other PEG PEREGO Vehicle models as will be discerned during discovery.

1  employees of their co-defendants, and in doing the things hereinafter mentioned, were acting
2  within the scope of their authority as such agents, servants and employees with the permission
3  and consent of their co-defendants.

4  ### JURISDICTION AND VENUE

5      8.    This Court has jurisdiction in this matter because Defendants routinely transact
6  business in San Diego County.

7      9.    Venue in this Court is proper pursuant to Code of Civil Procedure §§ 395 and
8  395.5 and Business & Professions Code §§ 17203 and 17204 because Defendants do business in
9  San Diego County and Plaintiff's transaction took place in San Diego County.

10  ### GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11      10.    Plaintiff incorporates herein each and every allegation contained in paragraphs 1
12  through 9, inclusive, as though fully set forth herein.

13      11.    During the relevant four year statutory time period, Defendants manufactured,
14  marketed, and/or sold Vehicles that had printed on the product packaging that the Vehicles were
15  "Made in USA."

16      12.    Contrary to the "Made in USA" claims, however, the Vehicles were made,
17  manufactured or produced with component parts that are manufactured outside of the United
18  States. The foreign-made component parts in the John Deere Farm Power Brand 12 Volt Riding
19  Vehicle purchased by Plaintiff include, on information and belief, the battery, wiring harnesses,
20  electric battery charger, electric motors, decals (including two "Made in the USA" decals for
21  prominent display on the toy itself), wiring connectors, fuses, thermo protector, switches,
22  gearing, screws, rivets, bolts, lock washers, and/or washers. Discovery may reveal additional
23  foreign-made component parts.

24      13.    Defendants marketed and represented to the general public that their Vehicles
25  were "Made in USA." In addition, Defendants concealed the true country of origin of their
26  "Made in USA" labeled Vehicles to the general public. The disclosure of this information was
27  necessary in order to make Defendants' representation not misleading for want of disclosure of
28

1 | these omitted facts. Defendants possess superior knowledge of the true facts that were not
2 | disclosed, thereby tolling the running of any applicable statute of limitations.

3 |     14.    Consumers are particularly vulnerable to these deceptive and fraudulent practices.
4 | Most consumers possess very limited knowledge of the likelihood that products, including the
5 | component parts therein, claimed to be made in the United States are in fact made in foreign
6 | countries. This is a material factor in many individuals' purchasing decisions, as they believe
7 | they are supporting American companies and American jobs.

8 |     15.    Consumers generally believe that "Made in USA" products are of higher quality
9 | than their foreign-manufactured counterparts. Due to Defendants' scheme to defraud the market,
10 | members of the general public were fraudulently induced to purchase Defendants' products.
11 | California laws are designed to protect consumers from this type of false representation and
12 | predatory conduct. Defendants' scheme to defraud consumers is ongoing and will victimize
13 | consumers each and every day until altered by judicial intervention.

14 | **THE PLAINTIFF TRANSACTION**

15 |     16.    On or about June 5, 2014, Plaintiff purchased Defendants' John Deere Farm
16 | Power Brand 12 Volt Riding Vehicle product at a San Diego Wal-Mart store. At the time of
17 | purchase, the product itself was marked with a "Made in USA" designation when it was in fact
18 | comprised of component parts made outside of the United States (Plaintiff did not discover the
19 | falsity of the "Made in USA" representation until after he purchased the product and opened it up
20 | at home).

21 |     17.    Accordingly, Defendants were not entitled to lawfully make a "Made in USA"
22 | representation because California law requires 100% U.S.-made component parts within a
23 | product to qualify for a "Made in USA" country of origin designation.

24 |     18.    When Plaintiff, and Class Members, purchased Vehicles from Defendants, they
25 | saw and relied upon the unqualified "Made in USA" representation to make their purchasing
26 | decisions, which is typical of most California consumers, and they were deceived as a result of
27 | Defendants' actions. These purchasing decisions were supported by the "Made in USA"
28 |

1  representation made by Defendants, which is absent from most of Defendants' competitors.

2  Plaintiff believed at the time he purchased the Vehicle product that he was in fact supporting

3  American jobs and the American economy.

4      19.    Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by

5  Defendants as a result of Defendants' false "Made in USA" claim set forth on the offending

6  product. Furthermore, he suffered an "injury in fact" by paying for something he believed was

7  genuinely manufactured in the USA, when it was not.

8      20.    On information and belief, the Vehicles at issue in this litigation were

9  manufactured with substandard foreign-made parts that are of inferior quality to their U.S.-

10  manufactured counterparts. Essentially, the Vehicles are not worth the purchase price paid.

11  Class Members are entitled to monetary damages, including but not limited to a complete refund

12  of their purchase price.

13      21.    U.S.-made component parts are subject to strict regulatory requirements, such as

14  environmental, labor, and safety standards. Foreign-made component parts are not subject to the

15  same U.S. manufacturing standards and are inherently of lower quality than their U.S.-made

16  counterparts. Moreover, foreign-made component parts are less reliable and durable than their

17  U.S.-made counterparts. As such, the offending Vehicles, made with foreign-made component

18  parts (yet unlawfully labeled "Made in USA"), are of inferior quality, less reliable, and fail more

19  often.

20      22.    Plaintiff and Class Members were undoubtedly injured as a result of Defendants'

21  false "Made in USA" representations that are at issue in this litigation.

22  **CLASS ALLEGATIONS**

23      23.    Plaintiff brings this action on behalf of himself as an individual and on behalf of

24  all other persons similarly situated in the State of California who purchased Defendants'

25  Vehicles. Specifically excluded from the class are any persons who have a controlling interest in

26  Defendants, any of Defendants' parent companies, subsidiaries, and Defendants' officers,

27  directors, managers, shareholders and members of their immediate families, and their heirs,

28

1  successors and assigns (the "Class"), pursuant to Code of Civil Procedure § 382 and Business &
2  Professions Code § 17200 *et seq.* The class also does not include any persons who previously
3  filed suit against Defendants for similar violations of California law and/or the Hon. Judge
4  presiding over this matter and his or her judicial staff.

5      24.    The members of the Class are so numerous that joinder of all members is
6  impracticable. The disposition of their claims in a class action will provide substantial benefits
7  to the parties and the Court. On information and belief, the exact number and identities of the
8  members of the Class are ascertainable from the records in Defendants' possession and/or within
9  the business records of third-party retailers.

10      25.    There is a well-defined community of interest in the questions of law and fact
11  involved in this case.

12      26.    All causes of action herein have been brought and may properly be maintained as
13  a class action pursuant to the provisions of Code of Civil Procedure § 382 because there is a
14  well-defined community of interest in the litigation and the proposed class is easily
15  ascertainable:

16      a.    Numerosity: On information and belief, the Class is so numerous that the
17  individual joinder of all members would be impracticable.

18      b.    Common Questions Predominate: Common questions of law and fact
19  exist as to all members of the Class, and those questions clearly predominate over any questions
20  that might affect members individually. These common questions of law and fact include, for
21  example, whether Defendants violated Business & Professions Code § 17533.7 by
22  misrepresenting the country of origin of the Vehicles because component parts within the
23  product are manufactured outside the United States and whether Defendants' actions in this
24  regard constitute an unfair, unlawful, or fraudulent business practice pursuant to Business &
25  Professions Code § 17200 *et seq.*

26      c.    Typicality: On information and belief, Plaintiff's claims are typical of the
27  claims of the members of the Class. Plaintiff and all members of the Class sustained damages
28

-7-
COMPLAINT

1  arising out of Defendants' common course of conduct complained herein.

2  d. Adequacy: Plaintiff will fairly and adequately protect the interests of the
3  members of the Class because Plaintiff has no interests which are adverse to the interests of
4  absent class members and because Plaintiff has retained counsel whom possess significant
5  litigation experience regarding alleged violations of consumer statutes.

6  e. Superiority: A class action is superior to other available means for the fair
7  and efficient adjudication of this controversy since individual joinder of all members would be
8  impracticable. Class action treatment will permit a large number of similarly situated persons to
9  prosecute their common claims in a single forum simultaneously, efficiently and without the
10 unnecessary duplication of effort and expense that numerous individual actions would engender.
11 Furthermore, since most class members' individual claims for damages are likely to be modest,
12 the expenses and burdens of litigating individual actions would make it difficult or impossible
13 for individual members of the Class to redress the wrongs done to them. An important public
14 interest will be served by addressing the matter as a class action, substantial economies to the
15 litigants and to the judicial system will be realized and the potential for inconsistent or
16 contradictory judgments will be avoided.

17                            **FIRST CAUSE OF ACTION**

18  **(Violation of Business & Professions Code § 17200 *et seq*. Against All Defendants)**

19 27. Plaintiff realleges and incorporates herein by reference all of the allegations
20 contained in Paragraphs 1 through 26, inclusive, of this complaint as though fully set forth
21 herein.

22 28. Business & Professions Code § 17200 *et seq*. provides that unfair competition
23 means and includes "any unlawful, unfair or fraudulent business act or practice and unfair,
24 deceptive, untrue or misleading marketing."

25 29. By and through their conduct, including the conduct detailed above, Defendants
26 engaged in activities which constitute unlawful, unfair, and fraudulent business practices
27 prohibited by Business & Professions Code § 17200 *et seq*. Beginning at an exact date unknown

28

-8-
COMPLAINT

1   as yet and continuing up through the present Defendants committed acts of unfair competition,

2   including those described above, by engaging in a pattern of "unlawful" business practices,

3   within the meaning of Business & Professions Code § 17200 *et seq.*, by manufacturing,

4   distributing, marketing, and/or selling products with a false country of origin designation and

5   violating Business & Professions Code § 17533.7 by falsely claiming that the products

6   referenced herein are "Made in U.S.A." when they are in fact made with component parts

7   manufactured outside of the United States.

8          30.    Beginning at an exact date unknown as yet and continuing up through the present,

9   Defendants committed acts of unfair competition that are prohibited by Business & Professions

10  Code § 17200 *et seq.* Defendants engaged in a pattern of "unfair" business practices that violate

11  the wording and intent of the statutes, by engaging in practices that threaten an incipient

12  violation of law, or violate the policy or spirit of laws because its effects are comparable to or the

13  same as a violation of the law by manufacturing, distributing, and marketing products with a

14  false country of origin designation and violating Business & Professions Code § 17533.7 by

15  falsely claiming that the products referenced herein are "Made in USA" when they are in fact

16  made with component part(s) manufactured outside of the United States.

17          a.     Alternatively, Defendants engaged in a pattern of "unfair" business

18  practices that violate the wording and intent of the statutes, by engaging in practices that are

19  immoral, unethical, oppressive or unscrupulous, the utility (if any) of which conduct is far

20  outweighed by the harm done to consumers and public policy by manufacturing, distributing,

21  marketing, and advertising products with the false claim that the products referenced herein are

22  "Made in USA."

23          b.     Alternatively, Defendants engaged in a pattern of "unfair" business

24  practices that violate the wording and intent of the statutes, by engaging in practices wherein: (1)

25  the injury to the consumer was substantial; (2) the injury was not outweighed by any

26  countervailing benefits to consumers or competition; and (3) the injury was of the kind that the

27  consumers themselves could not reasonably have avoided by manufacturing, distributing,

28

-9-

COMPLAINT

1    marketing, and advertising products with the false claim that the products referenced herein are
2    "Made in USA."

3        31.    Beginning at an exact date unknown as yet and continuing up through the present,
4    Defendants committed acts of unfair competition, including those described above, prohibited by
5    Business & Professions Code § 17200 *et seq.* by engaging in a pattern of "fraudulent" business
6    practices within the meaning of Business & Professions Code § 17200 *et seq.*, by manufacturing,
7    distributing, marketing, and/or selling products with a false country of origin designation and
8    violating Business & Professions Code § 17533.7 by falsely claiming that the products
9    referenced herein are "Made in USA."

10       32.    Defendants engaged in these unlawful, unfair and fraudulent business practices
11   for the primary purpose of collecting unlawful and unauthorized monies from Plaintiff and all
12   others similarly situated, thereby unjustly enriching Defendants.

13       33.    As a result of the repeated violations described herein, Defendants received
14   unearned commercial benefits at the expense of their competitors and the public.

15       34.    Defendants' unlawful, unfair and fraudulent business practices present a
16   continuing threat to the public in that Defendants continue to engage in unlawful conduct.

17       35.    Such acts and omissions are unlawful and/or unfair and/or fraudulent and
18   constitute a violation of Business & Professions Code § 17200 *et seq.* Plaintiff reserves the right
19   to identify additional violations by Defendants as may be established through discovery.

20       36.    As a direct and legal result of their unlawful, unfair and fraudulent conduct
21   described herein, Defendants have been and will be unjustly enriched by the receipt of ill-gotten
22   gains from customers, including Plaintiff, who unwittingly provided their money to Defendants
23   based on Defendants' fraudulent country of origin designation.

24       37.    Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by
25   Defendants as a result of Defendants' false "Made in USA" claims set forth on the Vehicles. See
26   also Paragraphs 19-22 herein.

27       38.    Plaintiff and Class Members were undoubtedly injured as a result of Defendants'

28

1 | false "Made in USA" representations that are at issue in this litigation.

2 |      39.    In prosecuting this action for the enforcement of important rights affecting the

3 | public interest, Plaintiff seeks the recovery of attorneys' fees pursuant to Code of Civil

4 | Procedure § 1021.5, which is available to a prevailing plaintiff who wins relief for the general

5 | public.

6 | **SECOND CAUSE OF ACTION**

7 | **(Violation of Business & Professions Code § 17533.7 Against All Defendants)**

8 |      40.    Plaintiff realleges and incorporates by reference Paragraphs 1 through 39,

9 | inclusive, as if set forth in full herein.

10 |      41.    Business & Professions Code § 17533.7 provides:

11 |

12 | It is unlawful for any person, firm, corporation or association to
13 | sell or offer for sale in this State any merchandise on which merchandise or on its container there appears the words "Made in USA" "Made in America," "U.S.A.," or similar words when the
14 | merchandise or **any article, unit, or part thereof,** has been entirely or substantially made, manufactured, or produced outside
15 | of the United States. (Emphasis added).

16 |      42.    As stated by the California Supreme Court in *Kwikset v. Superior Court* (January

17 | 27, 2011) 51 Cal.4th 310, 328-29:

18 |

19 | **Simply stated: labels matter.** The marketing industry is based on
20 | the premise that labels matter, that consumers will choose one product over another similar product based on its label and various
21 | tangible and intangible qualities they may come to associate with a particular source....In particular, **to some consumers**, the "Made in
22 | U.S.A." label matters. A range of motivations may fuel this preference, from the desire to support domestic jobs, to beliefs
23 | about quality, to concerns about overseas environmental or labor conditions, to simple patriotism. The Legislature has recognized
24 | the materiality of this representation by specifically outlawing
25 | deceptive and fraudulent "Made in America" representations. (§ 17533.7; see also Civ.Code, § 1770, subd. (a)(4) [prohibiting
26 | deceptive representations of geographic origin].) The object of section 17533.7 "is to protect consumers from being misled when
27 | they purchase products in the belief that they are advancing the

28 |

-11-
COMPLAINT

interests of the United States and its industries and workers...

43. Defendants violated Business & Professions Code § 17533.7 by manufacturing, selling and/or offering to sell merchandise in the State of California with the "Made in USA" label as fully set forth herein. On information and belief, all of Defendants' Vehicle products, including the specific Vehicle product purchased by Plaintiff, contain component parts that are manufactured outside of the United States.

44. It is alleged on information and belief that Defendants' violations of Business & Professions Code § 17533.7 was done with awareness of the fact that the conduct alleged was wrongful and were motivated solely for increased profit. It is also alleged on information and belief that Defendants did these acts knowing the harm that would result to Plaintiff and that Defendants did these acts notwithstanding that knowledge.

45. As a direct and proximate result of Defendants' violations of Business & Professions Code § 17533.7, Plaintiff and Class members are entitled to restitution of excess monies paid to Defendants by Plaintiff and Class members relating to the false "Made in USA" claims on Defendants' Vehicles and/or 100% restitution of their purchase price.

46. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendants as a result of Defendants' false "Made in USA" claims set forth on the Vehicle. Furthermore, he suffered an "injury in fact" by paying for something he believed was genuinely manufactured in the USA, when it was not. See also Paragraphs 19-22 herein.

47. Plaintiff and Class Members were undoubtedly injured as a result of Defendants' false "Made in USA" representations that are at issue in this litigation.

48. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks to recover attorneys' fees pursuant to Code of Civil Procedure § 1021.5, which is available to a prevailing plaintiff who wins relief for the general public.

**Third Cause of Action**

**(Violation of Consumers Legal Remedies Act Against Defendants)**

-12-
COMPLAINT

49.     Plaintiff realleges and incorporates herein by reference all of the allegations contained in Paragraphs 1 through 48, inclusive, of this complaint as though fully set forth herein.

50.     California Civil Code § 1750 *et seq.* (entitled the Consumers Legal Remedies Act) provides a list of "unfair or deceptive" practices in a "transaction" relating to the sale of "goods" or "services" to a "consumer." The Legislature's intent in promulgating the Consumers Legal Remedies Act is expressed in Civil Code § 1760, which provides, *inter alia*, that its terms are to be:

> [C]onstrued liberally and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

51.     Defendants' products constituted "goods" as defined in Civil Code § 1761(a).

52.     Plaintiff, and Class members, are each a "Consumer" as defined in Civil Code § 1761(d).

53.     Plaintiff's purchase of Defendants' Vehicle product constituted a "transaction" as defined in Civil Code § 1761(e).

54.     Civil Code § 1770, subdivisions (a)(4) and (a)(9) provide that "[t]he following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful: Using deceptive representations or designations of geographic origin in connection with goods or services....Advertising good or services with intent not to sell them as marketed."

55.     Defendants violated Civil Code § 1770, subdivisions (a)(4) and (a)(9) by marketing and representing that their products are "Made in USA" when they actually contain component parts that are manufactured outside of the United States.

56.     It is alleged on information and belief that Defendants' violations of the Consumer Legal Remedies Act set forth herein were done with awareness of the fact that the conduct alleged was wrongful and were motivated solely for increased profit. It is also alleged

1  on information and belief that Defendants did these acts knowing the harm that would result to
2  Plaintiff and that Defendants did these acts notwithstanding that knowledge.

3       57.    Plaintiff provided the requisite 30-day notice to PEG PEREGO, which was sent
4  pursuant to the Consumer Legal Remedies Act on or about June 30, 2014 (hereinafter the
5  "CLRA Letter"). Therefore, Plaintiff and Class Members seek actual and/or statutory damages
6  against PEG PEREGO in this litigation pursuant to Civil Code § 1780. The 30-day notice
7  complied with the relevant provisions of the Consumers Legal Remedies Act as it was a demand
8  to correct, repair, replace, or otherwise rectify the false country of origin designation as it relates
9  to offending and violative Vehicle products sold in California pursuant to California Civil Code
10 § 1782(a).

11      58.    As of the date of this filing, Defendants never offered to correct, repair, replace,
12 or otherwise rectify the false country of origin designation as it relates to offending and violative
13 Vehicle products sold in California (as requested in the CLRA Letter).

14      59.    As a direct and proximate result of Defendants' violations of the Consumers Legal
15 Remedies Act, Plaintiff and Class members are entitled to the following remedies: (a) actual
16 damages according to proof at time of trial; (b) a declaration that Defendants violated the
17 Consumers Legal Remedies Act; (c) an injunction preventing Defendants' unlawful actions; and
18 (d) an award of punitive damages pursuant to Civil Code § 1780(a)(4).

19      60.    Punitive damages are warranted in this case because knowingly selling falsely
20 labeled "Made in USA" products (as Defendants have been doing, at a minimum since their
21 receipt of Plaintiff's notice under the Consumer Legal Remedies Act) constitutes malice,
22 oppression, and/or fraud as defined by Civil Code § 3294.

23          a.  "Malice" is defined by statute to mean "conduct which is intended by the
24              defendant to cause injury to the plaintiff or despicable conduct which is
25              carried on by the defendant with a willful and conscious disregard of the
26              rights or safety of others." Knowingly selling products containing shoddy
27              foreign-made component parts as "Made in USA" constitutes malice.
28

-14-
COMPLAINT

b.  "Fraud" is defined by statute to mean "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury."  Knowingly selling products containing shoddy foreign-made component parts as "Made in USA" constitutes fraud.

61.  Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendants as a result of Defendants' false claims set forth on the Vehicle product. Furthermore, he suffered an "injury in fact" by paying for a substandard product that he believed was genuinely manufactured in the USA, when it was not.

62.  Plaintiff and Class Members were injured as a result of Defendants' false "Made in USA" representations that are at issue in this litigation.

63.  Plaintiff is filing an Affidavit of Venue along with this Complaint to be in compliance with the requirement set forth in Civil Code § 1780(c).

WHEREFORE, Plaintiff prays for relief and judgment against Defendants, as follows:

## PRAYER

1.  Damages according to proof;

2.  For a judgment declaring this action to be a proper class action;

3.  A declaration that Defendants violated the provisions of California Business & Professions Code § 17200 *et seq.*;

4   A declaration that Defendants violated Civil Code § 1750 *et seq.*;

5.  Pursuant to Business & Professions Code § 17204 and pursuant to the equitable powers of this Court, a judgment enjoining Defendants, their subsidiaries, affiliates, and their successors, agents, servants, officer, directors, employees, and all persons, acting in concert with them, directly or indirectly, from engaging in conduct violative of Business & Professions Code § 17200 *et seq.* as more fully described above;

6.  Pursuant to Business & Professions Code § 17204, a judgment requiring Defendants to provide restitution to compensate, and to restore all persons in interest, including

-15-
COMPLAINT

1  all Class Members, with all monies acquired by means of Defendants' unfair competition,

2  including a refund of the monies Class Members paid to purchase offending Vehicles plus sales

3  taxes;

4      7.    Plaintiff and each of the other members of the Class recover the amounts by

5  which Defendants have been unjustly enriched;

6      8.    Plaintiff and each of the other members of the Class be entitled to rescission and

7  are entitled to a refund of the monies they paid to purchase offending Vehicles plus sales taxes;

8      9.    Plaintiff's reasonable attorneys' fees as it relates to all causes of action pursuant

9  to Code of Civil Procedure § 1021.5;

10      10.    For punitive damages as to the Third Cause of Action only;

11      11.    For costs of suit incurred herein;

12      12.    For prejudgment interest as allowed by law; and

13      13.    For such other and further relief as this Court finds just, equitable and proper,

14  including, but not limited to, the remedy of disgorgement.

15  Dated: August 11, 2014          DEL MAR LAW GROUP, LLP

18  By:
19  John H. Donboli
JL Sean Slattery
Attorneys for: ERIC HOFMANN, an individual
20  and on behalf of all others similarly situated

-16-
COMPLAINT

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**08/11/2014** at 03:52:43 PM
Clerk of the Superior Court
By Justin Jones, Deputy Clerk

1  JOHN H. DONBOLI (SBN: 205218)
   JL SEAN SLATTERY (SBN: 210965)
2  DEL MAR LAW GROUP, LLP
   12250 El Camino Real, Suite 120
3  San Diego, CA 92130
   Telephone: (858) 793-6244
4  Facsimile:  (858) 793-6005

5  Attorneys for Plaintiff: ERIC HOFMANN,
   an individual and on behalf of all others similarly situated
6

7

8             SUPERIOR COURT OF CALIFORNIA - COUNTY OF SAN DIEGO

9

10  ERIC HOFMANN, an individual and on behalf )   CASE NO. 37-2014-00026807-CU-NP-CTL
    of all others similarly situated,           )
11                                               )
                                                 )   **CLASS ACTION**
                   Plaintiff,                    )
12                                               )
                          vs.                    )
13                                               )   **AFFIDAVIT OF VENUE**
    PEG PEREGO U.S.A., INC., an Indiana          )
14  corporation; and DOES 1 through 100,         )
15  inclusive,                                   )
                                                 )
16                 Defendants.                   )
                                                 )
17                                               )
                                                 )
18                                               )
                                                 )
19                                               )
                                                 )
20                                               )

21

22       I, Eric Hofmann, declare as follows:

23       1.       I am an individual residing in San Diego County. I am the proposed class

24  representative in the above-captioned litigation matter. I have personal knowledge of all matters

25  set forth herein and could competently testify thereto if called to do so at the time of any hearing

26  or trial in this case, except as to those matters averred on information and belief, which I believe

27  to be true. This affidavit is provided in support of what I understand to be statutory requirements

28

                                    -1-
                          AFFIDAVIT OF VENUE

1    under California law (i.e., California Civil Code § 1780(c)).

2       2.    The transaction that forms the basis of this action (i.e., my purchase of a John
3    Deere Farm Power Brand 12 Volt Riding Vehicle) occurred in San Diego County. This
4    transaction occurred on or about June 5, 2014.

5       3.    The class action Complaint, which I authorized to be filed, contains a cause of
6    action for violation of the Consumers Legal Remedies Act as against defendant PEG PEREGO
7    U.S.A., INC. and DOES 1 through 100.

8       4.    As per the foregoing assertions, this cause of action has been commenced in the
9    proper county or judicial district for trial, which is San Diego County.

10       I declare under penalty of perjury pursuant to the laws of California that the foregoing is
11    true and correct and that this declaration was executed on August 6, 2014, at San Diego,
12    California.

13

14                                        _____

15                                           Eric Hofmann, Plaintiff

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

AFFIDAVIT OF VENUE

1  KEVIN D. RISING (SBN 211663)
   Kevin.Rising@btlaw.com
2  DEVIN STONE (SBN 260326)
   Devin.Stone@btlaw.com
3  BARNES & THORNBURG LLP                          SEP 17 '14 PM 3:45
   2029 Century Park East, Suite 300
4  Los Angeles, California 90067-3012
   Telephone: 310-284-3880
5  Facsimile: 310-284-3894

6  Attorneys for Defendant                         SEP 17 '14 PM 3:43
   PEG PEREGO U.S.A., INC.
7

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                  FOR THE COUNTY OF SAN DIEGO

11

12 ERIC HOFFMAN, an individual and on        Case No.: 37-2014-00026807-CU-NP-CTL
   behalf of all others similarly situated,
13
                        Plaintiff,           DEFENDANT PEG PEREGO U.S.A.,
14                                           INC.'S ANSWER TO COMPLAINT
          v.
15
   PEG PEREGO U.S.A., INC, an Indiana
16 corporation; and DOES 1 thru 100 inclusive, Complaint Filed:   August 11, 2014

17                      Defendants.

18

19

20

21

22

23

24

25

26

27

28

                          ANSWER TO COMPLAINT

1    Defendant Peg Perego USA, Inc. ("Defendant") respectfully submits the following Answer to

2    Plaintiff Eric Hoffman's ("Plaintiff") Complaint.

3                    **GENERAL DENIAL OF ALLEGATIONS**

4    Under the provisions of California Code of Civil Procedure section 431.30, Defendant denies

5    generally and specifically each and every allegation contained in the Complaint.

6                          **AFFIRMATIVE DEFENSES**

7    Without assuming the burden of proof where it otherwise lies with Plaintiff, Defendant asserts

8    the following further and affirmative defenses:

9                      **FIRST AFFIRMATIVE DEFENSE**

10                        (Failure to State a Claim)

11    The Complaint fails to state a claim upon which relief can be granted.

12                    **SECOND AFFIRMATIVE DEFENSE**

13                        (Lack of Standing)

14    The Complaint, and/or each purported claim contained therein, is barred in whole or in part

15    because Plaintiff and/or other putative class members lack standing to assert the claims or the injuries

16    alleged.

17                      **THIRD AFFIRMATIVE DEFENSE**

18                            (Waiver)

19    Plaintiff and the purported class by their actions and/or omissions have waived any claims they

20    may have against Defendant.

21                    **FOURTH AFFIRMATIVE DEFENSE**

22                    (Class Action Not Appropriate)

23    The claims alleged in the Complaint cannot be brought as a class action because there are not

24    sufficiently common issues of law or fact, the class is not ascertainable, the named plaintiff is not an

25    adequate, typical, suitable, or appropriate representative, and a class action is not a superior means of

26    resolving this case, and is not manageable.

27                      **FIFTH AFFIRMATIVE DEFENSE**

28                        (Attorney Fees Improper)

1

1           The Complaint fails to state a claim for attorney fees or set forth facts sufficient to support such

2 a claim.

3 **SIXTH AFFIRMATIVE DEFENSE**

4 (Preemption)

5           The claims alleged in the Complaint are preempted by federal or other law.

6 **SEVENTH AFFIRMATIVE DEFENSE**

7 (Choice of Law)

8           This action is barred in its entirety by choice of law principles because California law cannot

9 apply, the conduct alleged in the complaint took place in Indiana, and Plaintiff has not stated a valid

10 claim under Indiana law.

11 **EIGHTH AFFIRMATIVE DEFENSE**

12 (Excessive Fines)

13           The imposition of statutory damages against Defendant on a class basis would violate the

14 prohibition against excessive fines of the United States Constitution.

15 **NINTH AFFIRMATIVE DEFENSE**

16 (Procedural and Substantive Due Process Rights)

17           The imposition of statutory damages against Defendant on a class basis would violate the due

18 process provisions of the United States Constitution and/or the California State Constitution.

19 **TENTH AFFIRMATIVE DEFENSE**

20 (Unclean Hands)

21           The Complaint, and/or each purported claim contained therein, is barred, in whole or in part, by

22 the doctrine of unclean hands.

23 **RESERVATION OF RIGHTS**

24           Plaintiff and the purported class have not set out their claims with sufficient particularity to

25 permit Defendant to raise all appropriate affirmative defenses. Defendant has not knowingly or

26 intentionally waived any applicable affirmative defenses, and Defendant reserves the right to assert and

27 to rely upon additional affirmative defenses not stated here, including such other defenses as may

28 become available or apparent during discovery of this action, and reserves the right to amend this

2

1   Answer to assert any such defenses.

2

3   WHEREFORE, Defendant prays for judgment in its favor and request that the Court:

4   1.   Dismiss the Complaint with prejudice;

5   2.   Award Defendant costs of suit; and

6   3.   Grant Defendant such other relief as may be appropriate.

7

8                          **DEMAND FOR JURY TRIAL**

9   Defendant hereby demands a trial by jury as to all issues so triable.

10

11  Dated: September 17, 2014                    **BARNES & THORNBURG LLP**

12
                                        By
13                                              KEVIN RISING
                                                DEVIN STONE
14                                              Attorneys for Defendant
                                                PEG PEREGO, U.S.A., INC.
15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        3

1

## PROOF OF SERVICE

2

3    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4        I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and
     not a party to the within action; my business address is:  2029 Century Park East, Suite 300, Los
5    Angeles, California 90067.

6        On September 17, 2014, I served the foregoing document(s) described as: **DEFENDANT PEG
     PEREGO, U.S.A., INC.'S ANSWER TO COMPLAINT** on interested parties in this action by
7    placing true copy(ies) thereof enclosed in a sealed envelope as follows:

8    John H. Donboli, Esq.
     JL Sean Slattery, Esq.
9    DEL MAR LAW GROUP LLP
     12250 El Camino Real, Suite 120
10   San Diego, CA 92130
     Telephone:    858-793-6244
11   Facsimile:    858-793-6005

12   *Attorney for Plaintiff*

13

14   ☒ BY UNITED STATES MAIL  I enclosed the documents in a sealed envelope or package addressed
     to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and
15   mailing, following our ordinary business practices.  I am readily familiar with the firm's practice of
     collection and processing correspondence for mailing.  On the same day that correspondence is placed
16   for collection and mailing, it is deposited in the ordinary course of business with the United States
     Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

17   ☒ (STATE)  I declare under penalty of perjury under the laws of the State of California that the
     foregoing is true and correct.
18

19        Executed on September 17, 2014 at Los Angeles, California.

20

21   Andrea Augustine Johnson
     *Print Name*                        *Signature*

22

23

24

25

26

27

28   LADS01 142408v1

PROOF OF SERVICE

1

**PROOF OF SERVICE**

2

3

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 300, Los Angeles, California 90067.

5

6

On September 18, 2014, I served the foregoing document(s) described as: **DECLARATION OF DEVIN STONE IN SUPPORT OF PEG PEREGO, U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**on interested parties in this action by placing true copy(ies) thereof enclosed in a sealed envelope as follows:

7

8

9

John H. Donboli, Esq.
JL Sean Slattery, Esq.
DEL MAR LAW GROUP LLP
12250 El Camino Real, Suite 120
San Diego, CA 92130
Telephone:   858-793-6244
Facsimile:   858-793-6005

10

11

12

13

*Attorney for Plaintiff*

14

15

☒ BY UNITED STATES MAIL   I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

16

17

18

19

☒ (FEDERAL)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

20

Executed on September 18, 2014 at Los Angeles, California.

21

22

23

Andrea Augustine Johnson
*Print Name*                          *Signature*

24

25

26

27

28

LADS01 142446v1

PROOF OF SERVICE