1  JOHN H. DONBOLI (SBN: 205218)
   E-mail:  jdonboli@delmarlawgroup.com
2  JL SEAN SLATTERY (SBN: 210965)
   E-mail:  sslattery@delmarlawgroup.com
3  DEL MAR LAW GROUP, LLP
   12250 El Camino Real, Suite 120
4  San Diego, CA 92130
   Telephone:  (858) 793-6244
5  Facsimile:   (858) 793-6005

6  Attorneys for Plaintiff:  ERIC HOFMANN,
7  an individual and on behalf of all others similarly situated

8                  UNITED STATES DISTRICT COURT

9               SOUTHERN DISTRICT OF CALIFORNIA

10

11  ERIC HOFMANN, an individual and on  )   CASE NO. 3:14-cv-02227-CAB-JLB
12  behalf of all others similarly situated,  )
                                            )   **CLASS ACTION**
13                       Plaintiff,          )
                                            )
14            vs.                            )   FIRST AMENDED <u>NATIONWIDE</u>
                                            )   CLASS ACTION COMPLAINT
15  PEG PEREGO U.S.A., INC., an Indiana  )   FOR:
16  corporation; and DOES 1 through 100,  )
    inclusive,                             )
17                                          )   (1)    VIOLATION OF BUSINESS
                       Defendants.          )          & PROFESSIONS CODE
18                                          )          SECTIONS 17200 *ET SEQ*.
                                            )          (CALIFORNIA UNFAIR
19                                          )          COMPETITION LAW);
20                                          )
                                            )   (2)    VIOLATION OF BUSINESS
21                                          )          & PROFESSIONS CODE
                                            )          SECTION 17533.7 (FALSE
22                                          )          "Made in U.S.A." CLAIM);
                                            )          and
23                                          )
                                            )
24                                          )   (3)    VIOLATION OF
25                                          )          CONSUMERS LEGAL
                                            )          REMEDIES ACT (CIVIL
26                                          )          CODE SECTION 1750 *ET*
                                            )          *SEQ.*)
27                                          )
28  _____ )

                              -1-
                   FIRST AMENDED COMPLAINT

COMES NOW, plaintiff ERIC HOFMANN ("Plaintiff"), as an individual and on behalf of the general public and all others similarly situated, by his undersigned attorneys, alleges as follows:

## NATURE OF THE CASE

1.     This is a <u>national</u> class action case brought on behalf of all purchasers of children's riding vehicles (hereinafter referred to as "Vehicles") manufactured, distributed, marketed, and/or sold by PEG PEREGO U.S.A., INC. (hereinafter as "PEG PEREGO") in California and nationwide that were labeled as "Made in USA" or "Made in U.S.A."  The Vehicles are sold through various retailers throughout the United States.

2.     As stated by the California Supreme Court in *Kwikset v. Superior Court* (January 27, 2011) 51 Cal.4th 310, 328-29:

> **Simply stated: labels matter**. The marketing industry is based on the premise that labels matter, that consumers will choose one product over another similar product based on its label and various tangible and intangible qualities they may come to associate with a particular source....In particular, **to some consumers**, the "Made in U.S.A." label matters. A range of motivations may fuel this preference, from the desire to support domestic jobs, to beliefs about quality, to concerns about overseas environmental or labor conditions, to simple patriotism. The Legislature has recognized the materiality of this representation by specifically outlawing deceptive and fraudulent "Made in America" representations. (§ 17533.7; see also Civ.Code, § 1770, subd. (a)(4) [prohibiting deceptive representations of geographic origin].) The object of section 17533.7 "is to protect consumers from being misled when they purchase products in the belief that they are advancing the interests of the United States and its industries and workers...

FIRST AMENDED COMPLAINT

3.     Through an unlawful, deceptive and unfair course of conduct, PEG PEREGO, and DOES 1 through 100 (collectively "Defendants"), manufactured, marketed, and/or sold a variety of Vehicles to consumers nationwide with the false designation and representation that Defendants' Vehicles were "Made in USA" or "Made in U.S.A." during the relevant four year statutory time period.  The "Made in USA" claim was clearly printed on the product packaging.  Contrary to the "Made in USA" claim, however, the offending Vehicles were manufactured or produced from some <u>component parts</u> that were manufactured outside of the United States in violation of California law, federal law, and the laws of the other 49 states and the District of Columbia.  In fact, and on information and belief, major subcomponents of the "Made in USA" labeled John Deere Farm Power Brand 12 Volt Riding Vehicle[1] (manufactured by PEG PEREGO) that Plaintiff purchased are foreign made, including but not limited to the battery, wiring harnesses, electric battery charger, electric motors, decals (including two "Made in the USA" decals for prominent display on the toy itself), wiring connectors, fuses, thermo protector, switches, gearing, screws, rivets, bolts, lock washers, and/or washers.  The inclusion of this many foreign-made parts in the Vehicle renders the "Made in USA" representation improper under California and federal law.

## PARTIES

4.     Plaintiff is an individual residing in San Diego, California.

5.     Defendant PEG PEREGO U.S.A., INC. is a corporation that is

---

[1]     Plaintiff intends to seek class certification as to *all* models of PEG PEREGO Vehicles sold in California that were labeled "Made in USA" (that included foreign-made component parts) and not just the single model purchased by Plaintiff.  As such, the PEG PEREGO Class Vehicles include, but are not limited to the John Deere Farm Power Brand 12 Volt Riding Vehicle, the Polaris Ranger, the IH Magnum Tracktor, the Polaris Outlaw, the John Deere Mini, the John Deere Ground Force, the Polaris Sportsman, the Polaris Ranger RZR, the Polaris RZR, the Power Scoop, the John Deere Gator, and other PEG PEREGO Vehicle models as will be discerned during discovery.

FIRST AMENDED COMPLAINT

organized and exists under the laws of the State of Indiana.  PEG PEREGO can be served via its principle business address at 3625 Independence Drive, Fort Wayne, IN 46808.

6.     Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1-100, inclusive; therefore, Plaintiff sues these defendants by such fictitious names. Plaintiff is informed and believes that each of the fictitious named defendants are legally responsible in some manner for the occurrences herein alleged, assisted in and about the wrongs complained herein by providing financial support, advice, resources or other assistance.  Plaintiff will amend the complaint to allege their true names and capacities when ascertained.

7.     Plaintiff is informed and believes that all defendants were agents, servants and employees of their co-defendants, and in doing the things hereinafter mentioned, were acting within the scope of their authority as such agents, servants and employees with the permission and consent of their co-defendants.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction in this matter because Defendants routinely transact business in San Diego County.

9.     Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b) and 1391(c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10.     Plaintiff incorporates herein each and every allegation contained in paragraphs 1 through 9, inclusive, as though fully set forth herein.

11.     During the relevant four year statutory time period, Defendants manufactured, marketed, and/or sold Vehicles that had printed on the product packaging that the Vehicles were "Made in USA."

12.     Contrary to the "Made in USA" claims, however, the Vehicles were

FIRST AMENDED COMPLAINT

made, manufactured or produced with <u>component parts</u> that are manufactured outside of the United States.  The foreign-made component parts in the John Deere Farm Power Brand 12 Volt Riding Vehicle purchased by Plaintiff include, on information and belief, the battery, wiring harnesses, electric battery charger, electric motors, decals (including two "Made in the USA" decals for prominent display on the toy itself), wiring connectors, fuses, thermo protector, switches, gearing, screws, rivets, bolts, lock washers, and/or washers.  Discovery may reveal additional foreign-made component parts.

13.    Defendants marketed and represented to the general public that their Vehicles were "Made in USA."  In addition, Defendants concealed the true country of origin of their "Made in USA" labeled Vehicles to the general public.  The disclosure of this information was necessary in order to make Defendants' representation not misleading for want of disclosure of these omitted facts.  Defendants possess superior knowledge of the true facts that were not disclosed, thereby tolling the running of any applicable statute of limitations.

14.    Consumers are particularly vulnerable to these deceptive and fraudulent practices.  Most consumers possess very limited knowledge of the likelihood that products, including the component parts therein, claimed to be made in the United States are in fact made in foreign countries.  This is a material factor in many individuals' purchasing decisions, as they believe they are supporting American companies and American jobs.

15.    Consumers generally believe that "Made in USA" products are of higher quality than their foreign-manufactured counterparts.  Due to Defendants' scheme to defraud the market, members of the general public were fraudulently induced to purchase Defendants' products.  California and federal laws are designed to protect consumers from this type of false representation and predatory conduct.  Defendants' scheme to defraud consumers is ongoing and will victimize

FIRST AMENDED COMPLAINT

1    consumers each and every day until altered by judicial intervention.

2    **THE PLAINTIFF TRANSACTION**

3        16.    On or about June 5, 2014, Plaintiff purchased Defendants' John Deere

4    Farm Power Brand 12 Volt Riding Vehicle product at a San Diego Wal-Mart store.

5    At the time of purchase, the product itself was marked with a "Made in USA"

6    designation when it was in fact comprised of component parts made outside of the

7    United States (Plaintiff did not discover the falsity of the "Made in USA"

8    representation until after he purchased the product and opened it up at home).

9        17.    Accordingly, Defendants were not entitled to lawfully make a "Made

10   in USA" representation.

11       18.    When Plaintiff, and Class Members, purchased Vehicles from

12   Defendants, they saw and relied upon the unqualified "Made in USA"

13   representation to make their purchasing decisions, which is typical of most

14   California consumers, and they were deceived as a result of Defendants' actions.

15   These purchasing decisions were supported by the "Made in USA" representation

16   made by Defendants, which is absent from most of Defendants' competitors.

17   Plaintiff believed at the time he purchased the Vehicle product that he was in fact

18   supporting American jobs and the American economy.

19       19.    Plaintiff suffered an "injury in fact" because Plaintiff's money was

20   taken by Defendants as a result of Defendants' false "Made in USA" claim set

21   forth on the offending product.  Furthermore, he suffered an "injury in fact" by

22   paying for something he believed was genuinely manufactured in the USA, when it

23   was not.

24       20.    On information and belief, the Vehicles at issue in this litigation were

25   manufactured with foreign-made parts that are of inferior quality to their U.S.-

26   manufactured counterparts.  Essentially, the Vehicles are not worth the purchase

27   price paid.  Class Members are entitled to monetary damages, including but not

28

1  limited to a complete refund of their purchase price.

2       21.    U.S.-made component parts are subject to strict regulatory

3  requirements, such as environmental, labor, and safety standards.  Foreign-made

4  component parts are not subject to the same U.S. manufacturing standards and are

5  inherently of lower quality than their U.S.-made counterparts.  Moreover, foreign-

6  made component parts are less reliable and durable than their U.S.-made

7  counterparts.  As such, the offending Vehicles, made with foreign-made

8  component parts (yet unlawfully labeled "Made in USA"), are of inferior quality,

9  less reliable, and fail more often.

10      22.    Plaintiff and Class Members were undoubtedly injured as a result of

11  Defendants' false "Made in USA" representations that are at issue in this litigation.

12                          **CLASS ALLEGATIONS**

13      23.    Plaintiff brings this action on behalf of himself as an individual and on

14  behalf of all other persons similarly situated in the State of California and

15  nationwide who purchased Defendants' Vehicles.  Specifically excluded from the

16  class are any persons who have a controlling interest in Defendants, any of

17  Defendants' parent companies, subsidiaries, and  Defendants' officers, directors,

18  managers, shareholders and members of their immediate families, and their heirs,

19  successors and assigns (the "Class"), pursuant to Code of Civil Procedure § 382

20  and Business & Professions Code § 17200 *et seq.*  The class also does not include

21  any persons who previously filed suit against Defendants for similar violations of

22  California law and/or the Hon. Judge presiding over this matter and his or her

23  judicial staff.

24      24.    The members of the Class are so numerous that joinder of all

25  members is impracticable.  The disposition of their claims in a class action will

26  provide substantial benefits to the parties and the Court.  On information and

27  belief, the exact number and identities of the members of the Class are

28

**FIRST AMENDED COMPLAINT**

ascertainable from the records in Defendants' possession and/or within the business records of third-party retailers.

25.   There is a well-defined community of interest in the questions of law and fact involved in this case.

26.   It would be of benefit to the Court and Plaintiffs of this state for California to host this nationwide class action.  California Claimants will benefit from this Court's hosting of a nationwide class action because resolution by California courts of the claims of class members outside of California, along with those of class members residing within California, will aid California claimants in their recovery and in the prosecution of this litigation.  The pool of discoverable documents relating to the issues set out in the complaint will be larger, the pool of deponents will be larger and the financial consequences to Defendant of an adverse ruling will be more significant.  All of these things can only act to benefit the California class in its prosecution of this litigation, while adding little if any additional burden on the California Courts due to the uniform false labeling practices at issue in this action.

27.   It would be a waste of class resources and to the detriment of class members to require nationwide class members to litigate the issues set out in this complaint in forums all over the nation, having to retain and compensate multiple attorneys, experts and the like, and compensate those multiple attorneys and experts for their services, when one nationwide class counsel can oversee the entire nationwide litigation to their benefit at a fraction of the cost.

28.   The hosting of a nationwide class would confer a substantial benefit on the California courts. The nationwide class will promote judicial economy by preventing a multiplicity of litigation in different states and inconsistent judgments on identical issues.  A nationwide class is beneficial to California courts for reasons of comity.  The adjudication of a nationwide class may increase the

damages claimed and is based on identical false country of origin labeling practices nationwide.

29.    A nationwide class would also produce positive by-products, as a large number of the Class members reside in California, as the adjudication of all claims will have a therapeutic effect on sellers outside of California who engage in fraudulent conduct within the state; will aid business enterprises in California by curtailing illegitimate competition; and will avoid the burden of multiple cases involving identical claims.

30.    In addition, California also has a special obligation to undertake the nationwide class action because the State of California has permitted defendant to conduct the majority of its business in this state, on a per state basis.  California has a special obligation and a compelling interest to control the litigation and ensure the protection of its residents who make up the largest portion of the nationwide class.

31.    As to class members residing in California, the injury or damages from Defendants' acts arise within the State of California.

32.    As to class members residing outside of California, claims for the injury or damage from Defendants' acts do not present a significant additional burden to the California courts, as there are no material variations in laws governing the claims.  State law issues will not swamp common issues and defeat predominance.  Defendants' uniform and false "Made in USA" country of origin labeling is unlawful not only under the laws of the State of California, but it is also unlawful pursuant to federal law, the laws of the remaining 49 states, and the District of Columbia because no jurisdiction permits a manufacturer to falsely label its product as "Made in USA."

33.    The parties have a substantial connection with California because the greatest number of class members per state reside in California; on information and

FIRST AMENDED COMPLAINT

1  belief, Defendants were making and continue to make the most money from their

2  alleged fraudulent conduct through California sales to California consumers.

3  Discovery will confirm the exact numbers on these issues.

4      34.    On information and belief, Defendants registered more sales of

5  offending products in California than they did in any other state.  Defendants

6  collected and continue to collect more revenues from California sales than any

7  other state.  More of the ill-gotten gains were collected in California than in any

8  other state and more of the material misrepresentations were made here.  Thus

9  California has a compelling interest to proceed as to the nationwide class action

10  claims.  No state has a more compelling interest than California in the prosecution

11  of this action.

12      35.    The benefit of a nationwide class action to the parties and the courts

13  will be substantial.  A nationwide class will result in one judgment with respect to

14  the uniform country of origin labeling at issue.  A nationwide class will result in

15  only one action – as opposed to multiple actions – with respect to the uniform

16  country of origin labeling at issue.  It would be a waste of judicial resources

17  nationwide to require courts all over the nation to entertain identical actions when

18  one action could dispose of the litigation.  A nationwide class will be beneficial to

19  Defendants in that they will not have to defend themselves with respect to the same

20  allegations in numerous forums.

21      36.    On information and belief Defendants' have in their possession

22  documents and information that will demonstrate the special interest that

23  California has in hosting a nationwide class action.

24  **Definition of the California Subclasses**

25      37.    The first California Subclass is under Plaintiff's First Cause of Action

26  and is defined as all consumers who reside in California and who purchased

27  Defendants' "Made in USA" labeled Vehicles that contained _any_ foreign-made

28

**FIRST AMENDED COMPLAINT**

1    component parts from February 15, 2007 to the present.

2        38.    The second California Subclass is under Plaintiff's Second, Third, and

3    Fourth Causes of Action and is defined as all consumers who reside in California

4    and who purchased Defendants' "Made in the USA" labeled Vehicles that

5    contained _any_ foreign-made component parts from February 15, 2007 to the

6    present.

7    **Other Class Allegations**

8        39.    Plaintiff individually and on behalf of class members makes no direct

9    claims under federal law (beyond "borrowing" federal law violations for purposes

10   of California's UCL).

11       40.    On information and belief, the exact numbers and identities of all

12   class members, are readily ascertainable from the records of Defendants and its

13   retailers.

14       41.    All causes of action herein have been brought and may properly be

15   maintained as a class action pursuant to the provisions of Code of Civil Procedure

16   section 382 because there is a well-defined community of interest in the litigation

17   and the proposed class is easily ascertainable:

18       a.    Numerosity:  On information and belief, the Class is so

19   numerous that the individual joinder of all members would be impracticable.

20       b.    Common Questions Predominate:  Common questions of law

21   and fact exist as to all members of the Class, and those questions clearly

22   predominate over any questions that might affect members individually.  These

23   common questions of law and fact include, for example, whether Defendants

24   violated Section 17533.7 of the California Business & Professions Code by

25   misrepresenting the national origin of its Vehicles because component parts within

26   these products are manufactured outside the United States and whether

27   Defendants' actions in this regard constitute an unfair, unlawful, or fraudulent

28

FIRST AMENDED COMPLAINT

business practice pursuant to Section 17200 et seq. of the California Business & Professions Code.

**Other Class Allegations**

42.     Plaintiff individually and on behalf of class members makes no direct claims under federal law (beyond "borrowing" federal law violations for purposes of California's UCL).

43.     On information and belief, the exact numbers and identities of all class members, are readily ascertainable from the records of Defendants and its retailers.

44.     All causes of action herein have been brought and may properly be maintained as a class action pursuant to the provisions of Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable:

a.     <u>Numerosity</u>:  On information and belief, the Class is so numerous that the individual joinder of all members would be impracticable.

b.     <u>Common Questions Predominate</u>:  Common questions of law and fact exist as to all members of the Class, and those questions clearly predominate over any questions that might affect members individually.  These common questions of law and fact include, for example, whether Defendants violated Section 17533.7 of the California Business & Professions Code by misrepresenting the national origin of its Vehicles because component parts within these products are manufactured outside the United States and whether Defendants' actions in this regard constitute an unfair, unlawful, or fraudulent business practice pursuant to Section 17200 et seq. of the California Business & Professions Code.

c.     <u>Typicality</u>:  On information and belief, Plaintiff's claims are typical of the claims of the members of the Class.  Plaintiff and all members of the

1    Class sustained damages arising out of Defendant's common course of conduct

2    complained herein.

3              d.    Adequacy:  Plaintiff will fairly and adequately protect the

4    interest of the members of the Class because Plaintiff has no interests which are

5    adverse to the interests of absent class members and because Plaintiff has retained

6    counsel who possesses significant litigation experience regarding alleged

7    violations of consumer statutes.

8              e.    Superiority:  A class action is superior to other available means

9    for the fair and efficient adjudication of this controversy since individual joinder of

10   all members would be impracticable.  Class action treatment will permit a large

11   number of similarly situated persons to prosecute their common claims in a single

12   forum simultaneously, efficiently and without the unnecessary duplication of effort

13   and expense that numerous individual actions would engender.  Furthermore, since

14   most class members' individual claims for damages are likely to be modest, the

15   expenses and burdens of litigating individual actions would make it difficult or

16   impossible for individual members of the Class to redress the wrongs done to

17   them.  An important public interest will be served by addressing the matter as a

18   class action, substantial economies to the litigants and to the judicial system will be

19   realized and the potential for inconsistent or contradictory judgments will be

20   avoided.

21                      **FIRST CLAIM FOR RELIEF**

22   (**Violation of Business & Professions Code § 17200 *et seq*. Against All**

23                          **Defendants**)

24        45.    Plaintiff realleges and incorporates herein by reference all of the

25   allegations contained in Paragraphs 1 through 44, inclusive, of this complaint as

26   though fully set forth herein.

27        46.    Business & Professions Code § 17200 *et seq*. provides that unfair

28

**FIRST AMENDED COMPLAINT**

competition means and includes "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading marketing."

47.    By and through their conduct, including the conduct detailed above, Defendants engaged in activities which constitute unlawful, unfair, and fraudulent business practices prohibited by Business & Professions Code § 17200 *et seq.* Beginning at an exact date unknown as yet and continuing up through the present Defendants committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Business & Professions Code § 17200 *et seq.*, by manufacturing, distributing, marketing, and/or selling products with a false country of origin designation and violating Business & Professions Code § 17533.7 by falsely claiming that the Vehicles are "Made in USA" when they are in fact made with component parts manufactured outside of the United States.

48.    Beginning at an exact date unknown as yet and continuing up through the present, Defendants committed acts of unfair competition that are prohibited by Business & Professions Code § 17200 *et seq.*  Defendants engaged in a pattern of "unfair" business practices that violate the wording and intent of the statutes, by engaging in practices that threaten an incipient violation of law, or violate the policy or spirit of laws because its effects are comparable to or the same as a violation of the law by manufacturing, distributing, and marketing the Vehicles with a false country of origin designation and violating Business & Professions Code § 17533.7 by falsely claiming that the products referenced herein are "Made in USA" when they are in fact made with component part(s) manufactured outside of the United States.

a.    Alternatively, Defendants engaged in a pattern of "unfair" business practices that violate the wording and intent of the statutes, by engaging in practices that are immoral, unethical, oppressive or unscrupulous, the utility (if

any) of which conduct is far outweighed by the harm done to consumers and public policy by manufacturing, distributing, marketing, and advertising the Vehicles with the false claim that the products referenced herein are "Made in USA."

        b.  Alternatively, Defendants engaged in a pattern of "unfair" business practices that violate the wording and intent of the statutes, by engaging in practices wherein: (1) the injury to the consumer was substantial; (2) the injury was not outweighed by any countervailing benefits to consumers or competition; and (3) the injury was of the kind that the consumers themselves could not reasonably have avoided by manufacturing, distributing, marketing, and advertising the Vehicles with the false claim that the products referenced herein are "Made in USA."

      49.  Beginning at an exact date unknown as yet and continuing up through the present, Defendants committed acts of unfair competition, including those described above, prohibited by Business & Professions Code § 17200 *et seq.* by engaging in a pattern of "fraudulent" business practices within the meaning of Business & Professions Code § 17200 *et seq.*, by manufacturing, distributing, marketing, and/or selling products with a false country of origin designation and violating Business & Professions Code § 17533.7 by falsely claiming that the Vehicles referenced herein are "Made in USA."

      50.  Defendants engaged in these unlawful, unfair and fraudulent business practices for the <u>primary</u> purpose of collecting unlawful and unauthorized monies from Plaintiff and all others similarly situated, thereby unjustly enriching Defendants.

      51.  As a result of the repeated violations described herein, Defendants received unearned commercial benefits at the expense of their competitors and the public.

      52.  Defendants' unlawful, unfair and fraudulent business practices present

FIRST AMENDED COMPLAINT

a continuing threat to the public in that Defendants continue to engage in unlawful conduct.

53.     Such acts and omissions are unlawful and/or unfair and/or fraudulent and constitute a violation of Business & Professions Code § 17200 *et seq*.  Plaintiff reserves the right to identify additional violations by Defendants as may be established through discovery.

54.     As a direct and legal result of their unlawful, unfair and fraudulent conduct described herein, Defendants have been and will be unjustly enriched by the receipt of ill-gotten gains from customers, including Plaintiff, who unwittingly provided their money to Defendants based on Defendants' fraudulent country of origin designation.

55.     Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendants as a result of Defendants' false "Made in USA" claims set forth on the Vehicles.  See also Paragraphs 19-22 herein.

56.     Plaintiff and Class Members were undoubtedly injured as a result of Defendants' false "Made in USA" representations that are at issue in this litigation.

57.     In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees pursuant to Code of Civil Procedure § 1021.5, which is available to a prevailing plaintiff who wins relief for the general public.

## SECOND CLAIM FOR RELIEF

**(Violation of Business & Professions Code § 17533.7 Against All Defendants)**

58.     Plaintiff realleges and incorporates by reference Paragraphs 1 through 57, inclusive, as if set forth in full herein.

59.     Business & Professions Code § 17533.7 provides:

It is unlawful for any person, firm, corporation or

FIRST AMENDED COMPLAINT

association to sell or offer for sale in this State any merchandise on which merchandise or on its container there appears the words "Made in USA" "Made in America," "U.S.A.," or similar words when the merchandise or **any article, unit, or part thereof,** has been entirely or substantially made, manufactured, or produced outside of the United States.   (Emphasis added).

60.   As stated by the California Supreme Court in *Kwikset v. Superior Court* (January 27, 2011) 51 Cal.4th 310, 328-29:

**Simply stated: labels matter**. The marketing industry is based on the premise that labels matter, that consumers will choose one product over another similar product based on its label and various tangible and intangible qualities they may come to associate with a particular source....In particular, **to some consumers**, the "Made in U.S.A." label matters. A range of motivations may fuel this preference, from the desire to support domestic jobs, to beliefs about quality, to concerns about overseas environmental or labor conditions, to simple patriotism. The Legislature has recognized the materiality of this representation by specifically outlawing deceptive and fraudulent "Made in America" representations. (§ 17533.7; see also Civ.Code, § 1770, subd. (a)(4) [prohibiting deceptive representations of geographic origin].) The object of section 17533.7 "is to protect consumers from being misled when they purchase products in the belief that they are advancing the interests of the United States and its industries and workers...

61.   Defendants violated Business & Professions Code § 17533.7 by manufacturing, selling and/or offering to sell merchandise in the State of California with the "Made in USA" label as fully set forth herein.  On information and belief, all of Defendants' Vehicle products, including the specific Vehicle product

FIRST AMENDED COMPLAINT

purchased by Plaintiff, contain <u>component parts</u> that are manufactured outside of the United States.

62.     It is alleged on information and belief that Defendants' violations of Business & Professions Code § 17533.7 was done with awareness of the fact that the conduct alleged was wrongful and were motivated solely for increased profit. It is also alleged on information and belief that Defendants did these acts knowing the harm that would result to Plaintiff and that Defendants did these acts notwithstanding that knowledge.

63.     As a direct and proximate result of Defendants' violations of Business & Professions Code § 17533.7, Plaintiff and Class members are entitled to restitution of excess monies paid to Defendants by Plaintiff and Class members relating to the false "Made in USA" claims on Defendants' Vehicles and/or 100% restitution of their purchase price.

64.     Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendants as a result of Defendants' false "Made in USA" claims set forth on the Vehicle.  Furthermore, he suffered an "injury in fact" by paying for something he believed was genuinely manufactured in the USA, when it was not. See also Paragraphs 19-22 herein.

65.     Plaintiff and Class Members were undoubtedly injured as a result of Defendants' false "Made in USA" representations that are at issue in this litigation.

66.     In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks to recover attorneys' fees pursuant to Code of Civil Procedure § 1021.5, which is available to a prevailing plaintiff who wins relief for the general public.

## **THIRD CLAIM FOR RELIEF**

### **(Violation of Consumers Legal Remedies Act Against Defendants)**

67.     Plaintiff realleges and incorporates herein by reference all of the

1    allegations contained in Paragraphs 1 through 66, inclusive, of this complaint as
2    though fully set forth herein.

3        68.    California Civil Code § 1750 *et seq.* (entitled the Consumers Legal
4    Remedies Act) provides a list of "unfair or deceptive" practices in a "transaction"
5    relating to the sale of "goods" or "services" to a "consumer."  The Legislature's
6    intent in promulgating the Consumers Legal Remedies Act is expressed in Civil
7    Code § 1760, which provides, *inter alia*, that its terms are to be:

8            [C]onstrued liberally and applied to promote its underlying
9            purposes, which are to protect consumers against unfair and
             deceptive business practices and to provide efficient and
10           economical procedures to secure such protection.

11       69.    Defendants' products constituted "goods" as defined in Civil Code §
12   1761(a).

13       70.    Plaintiff, and Class members, are each a "Consumer" as defined in
14   Civil Code    § 1761(d).

15       71.    Plaintiff's purchase of Defendants' Vehicle product constituted a
16   "transaction" as defined in Civil Code § 1761(e).

17       72.    Civil Code § 1770, subdivisions (a)(4) and (a)(9) provide that "[t]he
18   following unfair methods of competition and unfair or deceptive acts or practices
19   undertaken by any person in a transaction intended to result or which results in the
20   sale or lease of goods or services to any consumer are unlawful:  Using deceptive
21   representations or designations of geographic origin in connection with goods or
22   services….Advertising good or services with intent not to sell them as marketed."

23       73.    Defendants violated Civil Code § 1770, subdivisions (a)(4) and (a)(9)
24   by marketing and representing that their products are "Made in USA" when they
25   actually contain component parts that are manufactured outside of the United
26   States.

27       74.    It is alleged on information and belief that Defendants' violations of

28

the Consumer Legal Remedies Act set forth herein were done with awareness of the fact that the conduct alleged was wrongful and were motivated solely for increased profit.  It is also alleged on information and belief that Defendants did these acts knowing the harm that would result to Plaintiff and that Defendants did these acts notwithstanding that knowledge.

75.     Plaintiff provided the requisite 30-day notice to PEG PEREGO, which was sent pursuant to the Consumer Legal Remedies Act on or about June 30, 2014 (hereinafter the "CLRA Letter").  Therefore, Plaintiff and Class Members seek actual and/or statutory damages against PEG PEREGO in this litigation pursuant to Civil Code § 1780.  The 30-day notice complied with the relevant provisions of the Consumers Legal Remedies Act as it was a demand to correct, repair, replace, or otherwise rectify the false country of origin designation as it relates to offending and violative Vehicle products sold in California pursuant to California Civil Code § 1782(a).

76.     As of the date of this filing, Defendants never offered to correct, repair, replace, or otherwise rectify the false country of origin designation as it relates to offending and violative Vehicle products sold in California (as requested in the CLRA Letter).

77.     As a direct and proximate result of Defendants' violations of the Consumers Legal Remedies Act, Plaintiff and Class members are entitled to the following remedies:  (a) actual damages according to proof at time of trial; (b) a declaration that Defendants violated the Consumers Legal Remedies Act; (c) an injunction preventing Defendants' unlawful actions; and (d) an award of punitive damages pursuant to Civil Code § 1780(a)(4).

78.     Punitive damages are warranted in this case because knowingly selling falsely labeled "Made in USA" products (as Defendants have been doing, at a minimum since their receipt of Plaintiff's notice under the Consumer Legal

FIRST AMENDED COMPLAINT

Remedies Act) constitutes malice, oppression, and/or fraud as defined by Civil Code § 3294.

    a.  "Malice" is defined by statute to mean "conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others."  Knowingly selling products containing shoddy foreign-made component parts as "Made in USA" constitutes malice.

    b.  "Fraud" is defined by statute to mean "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury."  Knowingly selling products containing shoddy foreign-made component parts as "Made in USA" constitutes fraud.

79.    Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendants as a result of Defendants' false claims set forth on the Vehicle product.  Furthermore, he suffered an "injury in fact" by paying for a substandard product that he believed was genuinely manufactured in the USA, when it was not.

80.    Plaintiff and Class Members were injured as a result of Defendants' false "Made in USA" representations that are at issue in this litigation.

81.    Plaintiff is filing an Affidavit of Venue along with this Complaint to be in compliance with the requirement set forth in Civil Code § 1780(c).

WHEREFORE, Plaintiff prays for relief and judgment against Defendants, as follows:

### <u>PRAYER</u>

1.    Damages according to proof;

2.    For a judgment declaring this action to be a proper nationwide class

action case;

3.     A declaration that Defendants violated the provisions of California Business & Professions Code § 17200 *et seq.*;

4.     A declaration that Defendants violated Civil Code § 1750 *et seq.*;

5.     Pursuant to Business & Professions Code § 17204 and pursuant to the equitable powers of this Court, a judgment enjoining Defendants, their subsidiaries, affiliates, and their successors, agents, servants, officer, directors, employees, and all persons, acting in concert with them, directly or indirectly, from engaging in conduct violative of Business & Professions Code § 17200 *et seq.* as more fully described above;

6.     Pursuant to Business & Professions Code § 17204, a judgment requiring Defendants to provide restitution to compensate, and to restore all persons in interest, including all Class Members, with all monies acquired by means of Defendants' unfair competition, including a refund of the monies Class Members paid to purchase offending Vehicles plus sales taxes;

7.     Plaintiff and each of the other members of the Class recover the amounts by which Defendants have been unjustly enriched;

8.     Plaintiff and each of the other members of the Class be entitled to rescission and are entitled to a refund of the monies they paid to purchase offending Vehicles plus sales taxes;

9.     Plaintiff's reasonable attorneys' fees as it relates to all causes of action as provided by law;

10.     For punitive damages as to the Third Cause of Action only;

11.     For costs of suit incurred herein;

12.     For prejudgment interest as allowed by law; and

13.     For such other and further relief as this Court finds just, equitable and proper, including, but not limited to, the remedy of disgorgement.

FIRST AMENDED COMPLAINT

1

## DEMAND FOR JURY TRIAL

2       Pursuant to Rule 38, Federal Rules of Civil Procedure, Plaintiff hereby

3   demands a trial by jury with respect to all issues triable to a jury.

4   Dated:  March 16, 2015                    Respectfully submitted,

5                                             DEL MAR LAW GROUP, LLP

6

7                                             By:/sJohn H. Donboli_____
                                                 John H. Donboli
8                                                E-mail:  jdonboli@delmarlawgroup.com
                                                 JL Sean Slattery
9                                                E-mail:  sslattery@delmarlawgroup.com
                                                 Attorneys for: ERIC HOFMANN, an
10                                               individual and on behalf of all others
                                                 similarly situated

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED COMPLAINT